UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE, | ) | |
| COMPANY OF PITTSBURGH, PA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 4:05 CV 2021 JCH |
| | ) | |
| BRANT MAUNE | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Brant Maune's Motion to Dismiss (Doc. No. 10), filed January 20, 2006. Defendant Maune argues that the case must be dismissed because the Court lacks subject matter jurisdiction, as the amount in controversy requirement is not met. The motion is fully briefed and ready for disposition. For the reasons described below, the Court grants the motion.

## BACKGROUND

On October 24, 2004, Plaintiff National Union Fire Insurance Company ("National") issued an automobile insurance policy ("the Policy") to Stanley Maune, providing coverage for him as well as for his son, Defendant Brant Maune. (Complaint, Doc. No. 1, ¶¶ 7,8). On March 18, 2005, Defendant, while driving a covered vehicle, allegedly struck a motorcycle operated by his brother, Ryan Maune. (Id. ¶ 9). Ryan sustained serious injuries. Following the collision, Ryan Maune demanded payment from National of the bodily injury policy limit of $100,000. (Id. ¶ 10). National's Amendment of Policy Provisions, in effect at the time of

1

the collision, contains a "household exclusion," which states:

> Section II Part A -- Liability Coverage
>
> D. The following exclusion is added:
> We do not provide Liability coverage for any "insured" for "bodily injury" to you or any "family member" to the extent that the limits for this coverage exceed the limits of liability required by the Missouri Financial Responsibility Law.

(Id. ¶¶ 11,12).  National offered to settle Ryan Maune's bodily injury claim for $25,000.  (Id. ¶16).  Ryan did not accept the offer.

On October 31, 2005, National filed its Complaint in the instant case, asking this Court to clarify its obligation to defend and indemnify Defendant Brant Maune under the Policy. (Complaint, Doc. No. 1 ¶ 19).   In doing so, National asserted that this Court possesses jurisdiction over this matter under 28 U.S.C. § 1332, as there is complete diversity of citizenship, and the amount in controversy exceeds $75,000. (Complaint, Doc. No. 1 ¶ 4).

As stated above, Defendant filed his Motion to Dismiss on January 20, 2006. (Doc. No. 10). Defendant maintains that this Court lacks jurisdiction because Plaintiff has failed to prove that the amount in controversy exceeds $75,000.

## DISCUSSION

The Declaratory Judgment Act states that

> [i]n a case of actual controversy within its  jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not   further relief could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).  The Act, however, does not provide an independent basis for subject matter jurisdiction. Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles, 977 F.2d

1224, 1227 (8th Cir. 1992). In order for a federal court to have diversity jurisdiction, "the matter in controversy [must exceed] the sum or value of $75,000, exclusive of interest and costs, and the matter [must be] between ... citizens of different States…." 28 U.S.C. § 1332(a). Ordinarily, the amount claimed by the plaintiff controls in determining the existence of diversity jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). However, when "the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." Missouri v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995). Based upon proof offered by the party invoking jurisdiction, if the court finds to a legal certainty that plaintiff was never entitled to recover over $75,000, the case should be dismissed. Id.

In determining the amount in controversy in a declaratory judgment action, the court looks to the value of the object of the litigation. Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). If, for example, the substance of the declaratory judgment action seeks to determine the validity of an insurance policy, then the policy limit is, essentially, the value of the object of the litigation. Home Ins. Co. of N.Y. v. Trotter, 130 F.2d 800, 803 (8th Cir. 1942). However, "in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim--not the face amount of the policy.'" Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir. 2002) (quoting Wright & Miller, Federal Practice and Procedure § 3710 (3d ed. 1998)); Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005).

In this action, the validity of the insurance contract itself is not in dispute. As the

"house hold exclusion" allegedly only denies coverage in excess of the $25,000 statutory minimum, both parties to this lawsuit agree that only $75,000 of the $100,000 policy limit is in dispute. (Memorandum in Opposition, Doc. No. 14, at 1). The amount in controversy, however, must *exceed* $75,000; here the amount disputed under the Policy is exactly $75,000. National, however, argues that the amount in controversy should also include its pecuniary risk. (Id.). Specifically, National argues for the inclusion of the costs of defense, attorney's fees, and statutory penalties in determining the amount in controversy.

The Court acknowledges that the costs of defense, attorney's fees, and statutory penalties may be considered as part of the amount in controversy. Motorists Mut. Ins. Co. v. Simpson, 404 F.2d 511, 515 (7th Cir. 1969) (costs of defense can be included in amount in controversy); Rasmussen, 410 F.3d at 1031 (statutory attorney fees considered in determining amount in controversy); Missouri v. Western Sur. Co., 51 F.3d at 173 (statutory penalty for vexatious refusal to pay considered in determining amount in controversy). The Court holds, however, that they should not be included here. For the reasons described below, the Court will grant Defendant's Motion to Dismiss.

### A.      Costs of the Duty to Defend

National first argues that the costs of the duty to defend should be included in determining the amount in controversy. (Memorandum in Opposition, Doc. No. 14, at 2-3). As stated above, the costs of the duty to defend can be included in determining the amount in controversy. Motorists Mut., 404 F.2d at 515. Under Missouri law, the duty of an insurer to defend its insured is broader than the duty to indemnify. Missouri Terrazzo Co., Inc., v. Iowa Nat. Mut. Ins. Co., 566 F. Supp. 546, 554 (E.D. Mo. 1983). As the Eighth Circuit has noted,

"[w]here the allegations of a plaintiff's complaint, albeit ambiguous, state a claim which is potentially or arguably within the policy's coverage, the insurer must accept defense of the claim." Hartford Accident and Indem. v. Krekeler, 491 F.2d 884, 887 (8th Cir. 1974); Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531, 537 (8th Cir.1970) ("[O]nce a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit even though other claims in the complaint fall outside of the policy's coverage.").

National's argument for the inclusion of costs of defense in the amount in controversy fails for two reasons. First, the duty to defend is triggered when an actual complaint is filed against the insured. Esicorp, Inc. v. Liberty Mut. Ins. Co., 193 F.3d 966, 969 (8th Cir. 1999). See also Swan Constr. Co. v. Bituminous Cas. Corp., 588 F. Supp. 65, 67 (E.D. Mo. 1984) ("Under Missouri law ... the duty of a liability insurer to defend pursuant to its agreement is ordinarily determined by comparing the language of the insurance contract and the allegations of the petition or complaint in the action brought by the person injured or damaged."). In this case, no action has yet been filed against Defendant. Absent a complaint against the insured, there can be no duty to defend.

Second, to the extent National has a duty to defend, notwithstanding the absence of a formal complaint, such a duty is fixed and is not contingent on the outcome of this declaratory judgment action. Regardless of the validity of the Policy's household exclusion, it is undisputed that the Policy provides coverage of up to $25,000. So long as the Policy covers a potential claim against Defendant, National has a duty to provide a defense.[1]

---

[1] The fact that National has tendered $25,000 to Ryan Maune does not relieve it of a duty to defend for the alleged $25,000 limit of liability. See Millers Mut. Ins. Ass'n of Ill. v. Shell Oil Co., 959 S.W.2d 864, 867 (Mo. Ct. App. 1997). In Millers, the court held that "Millers' duty

<u>Missouri Terrazzo Co., Inc.</u>, 566 F. Supp. at 554. The costs of defense may increase in proportion to the amount of coverage under the Policy, but National has not proven by a preponderance of the evidence, or even argued, that it will do so.

Under these facts, the costs of the duty to defend may not be considered in the determination of the amount in controversy.

**B.      Attorney's Fees for Underlying Tort Case**

National argues that Defendant Brant Maune's attorney's fees in the instant case should be included in the amount in controversy. (Memorandum in Opposition, Doc. No. 14, at 3-4). Separate from the duty to defend the underlying tort case, one party in a declaratory judgment action may also be liable for the other party's attorney's fees in that declaratory judgment action. Mo. Rev. Stat. § 527.100. In general, attorney's fees are considered costs, and are thus not included in determining the amount in controversy. 28 U.S.C. § 1332. But, attorney's fees awarded by statute, such as § 527.100, may be included in the determination. <u>Rasmussen</u>, 410 F.3d at 1031. <u>See also</u> <u>Ross v. Inter-Ocean Ins. Co.</u>, 693 F.2d 659, 661 (7th Cir. 1982) ("where a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in the litigation, a reasonable estimate of those fees may be included in determining whether the jurisdictional minimum is satisfied.").

---

to defend ended when it settled the claim for the policy limits as to the named insured." <u>Id.</u> This decision was based on the policy language, which "clearly stated the duty to defend ended when the applicable liability limits of coverage had been exhausted by payment of judgments or settlements." <u>Id.</u> Like in <u>Millers</u>, National's policy states that its "duty to settle or defend ends when [the] limit of liability for this coverage has been exhausted by payment of judgments or settlements." (Complaint, Doc. No. 1, attached exh. 1, at 17). Therefore, National's duty to defend continues until there is a judgment or Ryan Maune accepts a settlement.

Under the facts here, however, attorney's fees may not be included in determining the amount in controversy. First, Defendant Brant Maune has not asked for attorney's fees. The Court cannot include in the amount in controversy an amount that is not actually in controversy. Even if Defendant Brant Maune did ask for attorney's fees, it is not evident to the Court that they would be awarded. Under this statute, attorney's fees may be awarded, at the discretion of the trial court, in cases that meet the Bernheimer exception. See Bernheimer v. First Nat'l Bank of Kansas City, 225 S.W.2d 745 (Mo. 1949). The Court does not see, in the record currently before it, that the "special circumstances" required by Bernheimer to award attorney's fees under § 527.100 exist here.

National also seems to argue that Ryan Maune's attorney's fees should be included in the amount in controversy. (Memorandum in Opposition, Doc. No. 14, at 3-4). Ryan is not a party to this action, so he could not be awarded attorney's fees by this Court.[2]

Attorney's fees and costs in the instant declaratory judgment action will not be considered in determining the amount in controversy here.

**C.     Statutory Penalties for Vexatious Refusal to Pay**

National's final contention is that the amount in controversy should reflect the possibility that National will be subjected to statutory penalties under Mo. Rev. Stat. § 375.420, for vexatious refusal to pay a covered claim. (Memorandum in Opposition, Doc. No. 14, at 4). This claim, however, does not succeed. National has not shown that Brant

_____

[2] It is possible that National refers to Ryan's attorney's fees in the declaratory judgment action that he filed in state court. The Court need not decide if Ryan, as a third-party claimant, may assert a claim for vexatious refusal to pay, as there is no evidence before the Court of whether Ryan will prevail in the state court action, or even whether that case is still open.

Maune is seeking the statutory penalty for vexatious refusal to pay. This relief is not available in a declaratory judgment filed by an insurance company, unless the insured files a cross-claim for vexatious refusal to pay. Liberty Life Ins. Co. v. Schaffer, 853 F.2d 591, 593 n.3 (8th Cir. 1988). As of the date of this Order, Brant Maune has not filed a cross-claim in this action. Even if in the future Brant brings a claim for statutory penalties, "the jurisdictional facts must be judged as of the time the complaint is filed." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

The statutory penalty for vexatious refusal to pay will not be considered in determining the amount in controversy here.

## CONCLUSION

Upon consideration of the foregoing, the Court will grant Defendant's Motion to Dismiss. National has not proven that the amount in controversy exceeds $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 10) is **GRANTED**.

Dated this 10th day of March, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE